IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| vs. | ) | C.A. NO. CA 06 217S |
| ONE 1998 JAGUAR XJ8, VIN: SAJKX6242WC825361 and ONE 2005 YAMAHA EXUP, VIN: JYARN13E95A014353, Defendants. | ) | |

COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, acting by and through the United States Attorney for the District of Rhode Island, in a civil cause for forfeiture, alleges upon information and belief:

1. That this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, 1356, and 1395, 21 U.S.C. § 881(a)(6), and 18 U.S.C. § 983.

2. That on or about September 21, 2005, the defendant vehicle, one 1998 Jaguar XJ8, VIN: SAJKX6242WC825361, was seized in Providence, Rhode Island, by agents of the Drug Enforcement Administration (DEA) pursuant to a consensual search of 163 Rutherglen Avenue, 1st Floor, Providence, Rhode Island, the residence of Adam White. (See affidavit of DEA Task Force Officer Karl Jacobson attached hereto and made a part hereof.)

3. That on or about September 21, 2005, the defendant vehicle, one 2005 Yamaha EXUP motorcycle, VIN: JYARN13E95A014353, was seized in Providence, Rhode Island, by agents of the Drug Enforcement Administration (DEA) pursuant to a consensual search of 163 Rutherglen Avenue, 1st Floor, Providence, Rhode Island,

the residence of Adam White. (See affidavit of DEA Task Force Officer Karl Jacobson attached hereto and made a part hereof.)

4. That the defendant vehicles constitute the proceeds of controlled substance exchanges as within the meaning of 21 U.S.C. 881(a)(6) in that such vehicles were purchased by Adam White with cash that White obtained from the purchase and sale of cocaine, a controlled substance. (See affidavit of DEA Task Force Officer Karl Jacobson attached hereto and made a part hereof.)

5. That by reason of the foregoing, the defendant vehicles are forfeited to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff, the United States of America, prays that due process issue to enforce the forfeiture and to give notice to the interested parties to appear and show cause why forfeiture should not be decreed; that the defendant vehicles be forfeited to the United States of America and thereafter be disposed of according to law; and for such other and further relief as this court may deem just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

VERIFICATION

I, Michael P. Iannotti, being duly sworn, depose and say that I am an Assistant United States Attorney for the District of Rhode Island, that I have read the foregoing Complaint for Forfeiture in Rem, and that the contents thereof are true to the best of my knowledge, information, and belief.

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

Sworn to and subscribed before me this 7th day of May, 2006.

Notary Public

**AFFIDAVIT**

I, Karl Jacobson, being duly sworn, depose and say:

1. I am a member of the East Providence Police Department and have been continuously employed in this capacity for the past 6 years. I hold the rank of Investigator. I have been assigned to the East Providence Police Narcotics unit for approximately 3 years and to a Drug Enforcement Agency (DEA) task force comprised of federal, state and local law enforcement officers for almost 2 years. I am designated a Task Force officer by the DEA. My duties include, but are not limited to, investigation of violations of the Uniform Controlled Substances Act. I have attended numerous schools and seminars concerning the investigation of drug offenses, including a 2-week school sponsored by the Drug Enforcement Administration (DEA).

2. I make this affidavit in support of the Complaint for Forfeiture in Rem against the following vehicles:

a. a 1998 Jaquar model Xj8; VIN: SAJKX6242WC825361 which had Massachusetts registration 87RSS40 and was registered to Lori Pierce of Brockton Massachusetts.

b. a 2005 Yamaha model EXUP color red VIN: JYARN13E95A014353 which had Massachusetts registration PZ2595 and was registered to Lori Pierce of Brockton, Massachusetts.

3. During the months of March 2005 to September 2005, your affiant and other members of the DEA task force conducted an investigation into Adam White regarding the sale of crack

cocaine. During the above months, a DEA Confidential Source made three controlled purchases of crack cocaine from White.

4. On September 21, 2005, Adam White was arrested by DEA task force members in possession of over 50 grams of crack cocaine. At the time of his arrest, White signed a consent to search for his residence at 163 Rutherglen Ave, 1st floor, Providence, Rhode Island. During the search no one else was found at the residence and WHITE stated he resided at 163 Rutherglen Ave by himself. WHITE pointed out the area where he believed there was a large amount of cash. Your affiant found and seized approximately $7,000 in U.S. currency from behind a table next to the bed in WHITE'S bedroom. When your affiant and TFO Enright questioned WHITE about the money, WHITE stated that he has been out of work for over two months and that the money had come from selling narcotics.

5. During the search officers discover the 1998 Jaguar, described in paragraph 2a above, parked in the rear of 163 Rutherglen Ave. The Jaguar had two FOR SALE signs in the windows which contained WHITE's telephone number (774-248-1104) as the contact number for the sale. One of the phones seized from the person of WHITE has the above phone number. Officers also discovered the motorcycle, described in paragraph 2b, parked in the rear of the house next to the Jaguar.

out that the officers had never seen anyone else or heard of anyone else that operated the Jaguar.

8. Your affiant and TFO Colanduono also spoke with the landlord to the property at 163 Rutherglen Ave who showed up during the execution of the consent to search. The landlord stated that WHITE was the only occupant of the apartment and stated that WHITE was the owner of the motorcycle and Jaguar and that WHITE is the only person he had ever seen operate either vehicle.

9. On October 4, 2005, your affiant and TFO Enright met Lori PIERCE at the Providence Resident Office of the DEA. PIERCE was advised that she could have a lawyer present but that she was not a criminal target of any investigation and only being interviewed regarding a 1998 Jaguar and 2005 Yamaha motorcycle which were registered in her name. PIERCE stated she did not want a lawyer and would answer our questions regarding the Motorcycle and Jaguar. PIERCE stated she is the former girlfriend of Adam WHITE and they have a child in common. Pierce stated that the motorcycle did not belong to her and that she had registered it in her name for WHITE. When asked how he paid for the motorcycle, PIERCE stated she did not know because it did not belong to her. When asked if she had keys to the motorcycle, she stated that she did not. PIERCE also indicated that she did not have a motorcycle license. PIERCE was then

asked about the 1998 Jaguar. She stated that she has not had possession of the vehicle since September 2004 when she moved out of East St in Pawtucket where WHITE and PIERCE had been living together. PIERCE stated that she last drove the vehicle about one month before she moved out of East St and that she does not have keys to the vehicle. Officers seized the only keys to the vehicle from WHITE. PIERCE stated the vehicle was purchased in June 2004. She could not tell officers where she purchased the vehicle or from whom she had purchased the vehicle. PIERCE stated it was purchased at a car dealership. When asked how much she paid for the vehicle, PIERCE stated $15,000 or $10,000 as she was not sure the accurate total. PIERCE admitted that the vehicle was paid in cash and that WHITE had helped with the purchase because WHITE does not pay child support. PIERCE admitted that the Jaguar has been in WHITE's possession since it was purchased and stated that he stores the vehicle in the winter. PIERCE did not know where the vehicle is stored and did not pay for the storage of the vehicle. PIERCE also admitted that WHITE purchased some of the accessories for the vehicle, for example, the rims which are on the vehicle. PIERCE indicated that she currently operates a Nissan Maxima which has been paid for in full and that she has worked as a bus driver for several years. PIERCE further stated that WHITE is selling the Jaguar on line for her for $12,500.

10. Officers later found the information regarding the sale of the Jaguar which depicted WHITE as the owner with his cell phone number and pictures of him and the vehicle. WHITE was asking $17,500 for the vehicle not the $12,500 which PIERCE told your affiant.

11. I have been involved in over 200 controlled substance investigations and in numerous seizures of controlled substances including cocaine powder, crack cocaine, and heroin and have been involved in numerous searches of dwellings and buildings out of which controlled substances have been sold or stored, and in which drug traffickers have resided. I have testified concerning the manufacture, distribution and possession of controlled substances. I have received training from the DEA in the means and methods used by persons in the drug trafficking business.

12. Based upon the foregoing there is probable cause to believe that the Jaguar, described in paragraph 2a, was purchased with funds that were furnished or intended to be furnished in exchange for a controlled substance, that is, cocaine and constitutes the proceeds of the exchange of controlled substances, and that said vehicle is, therefore, subject to seizure and forfeiture pursuant to Title 21 U.S.C. § 881(a)(6).

13. Based upon the foregoing there is probable cause to

believe that the Yamaha motorcycle, described in paragraph 2b, was purchased with funds that were furnished or intended to be furnished in exchange for a controlled substance, that is, cocaine and constitutes the proceeds of the exchange of controlled substances, and that said vehicle is, therefore, subject to seizure and forfeiture pursuant to Title 21 U.S.C. § 881(a)(6).

Karl R. Jacobson
Task Force Officer
Drug Enforcement Administration

Signed and sworn to before me this 9th of May, 2006 at Providence, Rhode Island.

Notary Public

My commission expires 8/27/09.