IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>ONE 1998 JAGUAR XJ8<br>VIN: SAJKX624WC825361 and<br>ONE 2005 YAMAHA, EXUP,<br>VIN: JYARN13E95A014353,<br>Defendants | C.A. NO. 06-217S |

MOTION FOR SERVICE BY PUBLICATION

Now comes the plaintiff, the United States of America, by and through its attorneys, and moves that Lori Pierce be served by publication for the reasons set forth in the accompanying memorandum. The plaintiff further requests that the published notice required by Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims constitute said service by publication on Lori Pierce.

Respectfully Submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2006, I electronically filed the within Motion for Service by Publication and supporting memorandum with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System.

On the same date, I caused a copy of the same to be forwarded, by regular mail, to:

Maurice Caron, Jr., Esq.
454 Broadway
Providence, RI 02909

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA, Plaintiff )
)
vs. )
) C.A. NO. 06-217S
ONE 1998 JAGUAR XJ8 )
VIN: SAJKX624WC825361 and )
ONE 2005 YAMAHA, EXUP, )
VIN: JYARN13E95A014353, )
Defendants )

MEMORANDUM IN SUPPORT OF
MOTION FOR SERVICE BY PUBLICATION

On February 8, 2006, the Drug Enforcement Administration ("DEA") received a claim from Lori Pierce to the defendant vehicles causing the United States Attorney to commence the within action on May 9, 2006, pursuant to 18 U.S.C. § 983(a)(3). The claim had been forwarded to the DEA by Pierce's attorney, Maurice Caron, Jr.

On July 3, 2006, the United States Marshal's Service attempted to serve Lori Pierce with a copy of the summons, complaint, warrant of arrest *in rem*, and interrogatories at her last known address in Stoughton, Massachusetts. The Marshal was not able to serve Pierce as she had not lived at this address for the previous four months. (Exhibit A). Also, a U.S. Postal Trace indicated that she left no forwarding address. (Exhibit B). Despite representing Ms. Pierce in the filing of a claim to the defendant vehicles with the DEA, Mr. Caron has refused to accept

service on behalf of Ms. Pierce because he has been unable to contact her.

Title 21 U.S.C. § 881(b) provides as follows:

> Any property subject to forfeiture to the United States under this subparagraph may be seized ... upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims ...

Except to the extent that they are inconsistent with the Supplemental Rules for Certain Admiralty and Maritime Claims ("Admiralty Rules"), the general Rules of Civil Procedure, including Fed. R. Civ. P. 4, are also applicable to *in rem* actions. United States v. One Urban Lot Located at 1 Street A-1, Valparaiso, Bayamon, Puerto Rico, 885 F.2d 994, 999 (1st Cir. 1989).

Notice of a legal proceeding satisfies due process even if not actually received so long as "notice is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Centeral Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). An *in rem* forfeiture action is in the nature of a quiet title action. Unlike an action seeking relief from an individual or corporation, the *in rem* action is brought against property for the purpose of determining ownership and entitlement. Accordingly, the notification of potential claimants, such as

Lori Pierce in the case at bar, is for the purpose of determining whether she wishes to claim an interest in the defendant vehicles. Such claimants do not become parties to the forfeiture action unless and until they file a claim to the res that is the subject of the action. For this reason, courts have not required that actual notice of forfeiture proceedings be given to potential claimants where the government is not able to reasonably determine the names and addresses of interested parties. See United States v. 51 Pieces of Real Property Roswell, N.M., 17 F.3d 1306, 1316 (10th Cir. 1994) and United States v. Real Property 5145 North Golden State Boulevard, 135 F.3d 1312, 1316 (9th Cir. 1997).

Finally, the courts, in general, have approved publication as a customary substitute where it is not reasonably possible or practicable to give more adequate notice. “[I]t has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.” Mullane v. Centeral Hanover Bank & Trust Co. at 316, citing Cunnius v. Reading School District, 198 U.S. 458 (1905).

Although the plaintiff knows the name of the claimant in the case at bar, diligent, good-faith efforts to locate and serve her, and, in the alternative, her attorney, have been to no

avail.

Rule C(4) of the Admiralty Rules requires that notice of the forfeiture be published once per week for three consecutive weeks in a newspaper of general circulation in the district. The plaintiff requests that this published notice, required by Rule C(4), also constitute the substitute service of process on Lori Pierce.

For these reasons, the plaintiff's motion to allow service of process on Lori Pierce by publication should be granted.

Respectfully Submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI
Assistant U.S. Attorney